IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER WILLIAMS,

       Plaintiff,                     No. CIV S-04-2515 FCD EFB P

     vs.

ANDREASEN, et al.,

       Defendants.           <u>ORDER</u>

_____/

     Plaintiff was a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  his action, in which plaintiff sought damages for alleged constitutionally deficient medical treatment, has been pending since 2004 and was set to commence trial on April 13, 2010. On June 30, 2009, the court's pretrial order was returned as undeliverable by mail for the stated reason that plaintiff is deceased. Rule 25(a) of the Federal Rules of Civil Procedure provides as follows:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action

does not abate, but proceeds in favor of or against the remaining parties.  The death should be noted on the record.

(3) Service.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.  Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.  *Barlow*, 39 F.3d at 232-34.  Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc. v. Bannerjee*, 138 F.3d 467, 469-471 (2d. Cir.1998).

Plaintiff was proceeding pro se and defendant has not filed a suggestion of plaintiff's death.  The 90-day period set forth in Rule 25 has therefore not been triggered, and will not be, until there is a declaration of service of the suggestion of death on the nonparty successors or representatives of plaintiff, or a declaration indicating why service was not possible and the efforts made to achieve it.

Accordingly, IT IS HEREBY ORDERED that defendant has 30 days in which to file proof of service of the suggestion of death on the nonparty successors or representatives of plaintiff, or a declaration indicating why service was not possible and detailing the efforts made to achieve it.

Dated:  July 7, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE